### J. W. Puckett v. James A. Irick.

Decided December 14, 1901.

1.—Conversion—Evidence—Offer of Sale to Another.

In an action for the conversion of a one-half interest in a stock of goods, where the material question was whether plaintiff had sold to defendant the entire stock or only a half interest, it was competent for defendant to prove that about two months prior to the sale plaintiff had offered to sell to another person the entire stock at 50 cents on the dollar, as this was a circumstance tending to show that plaintiff had made the same or a similar offer to defendant.

2.—Same—Irrelevant Evidence.

Evidence showing that plaintiff's services while he worked in the store were worth $18 per week was irrelevant and inadmissible.

Appeal from the County Court of Cooke. Tried below before Hon. B. F. Mitchell.

*Hayworth & Cobb,* for appellant.

*Potter & Potter,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This suit was brought by Irick to recover of Puckett the value of a half interest in a stock of merchandise which it is alleged Puckett converted to his own use, the value being placed at $750. The defendant filed a general denial and a special answer not necessary to notice here.

The case was tried by a jury, who brought a verdict for plaintiff for $644.25, upon which judgment was rendered, and from that judgment this appeal is taken by Puckett.

The material question in the case was whether Irick sold the entire stock or only half interest to Puckett. On the trial the defendant, Puckett, offered to prove by the plaintiff, Irick, on cross-examination, that he (Irick) had, about two months before the sale to Puckett, agreed to sell the entire stock of goods to Miller for 50 cents on the dollar of their invoice price, which would have amounted to about $350 or $400, but the sale was not completed because of a disagreement between them as to which should pay certain attorney fees connected therewith. This evidence was objected to on the ground that it was irrelevant and immaterial, and the objection was sustained. The same evidence was offered by deposition of said Miller, and was also excluded on the same grounds.

We think the court erred in excluding this evidence. It was both relevant and material. It was a circumstance from which the jury might reasonably conclude that Irick made the same or a similar offer to Puckett. Of course, if the circumstances surrounding the two transactions were different, these would be admissible in rebuttal to break the force of the circumstance.

The court also admitted evidence of Robert Cearnal to prove that while Irick worked in the store his services were worth $18 per week. It was objected by the defendant that this evidence was irrelevant, as plaintiff had not sued for wages, but for the value of a half interest in the stock, and we think this objection ought to have been sustained.

For these errors the judgment herein must be reversed, and we deem it unnecessary to discuss the other assignments made. The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*